**KIRSTEIN LEATHER CO., Inc., v. DEITRICK.**

No. 3176.

Circuit Court of Appeals, First Circuit.

Dec. 10, 1936.

Hubert C. Thompson, of Boston, Mass. (Samuel Pearl, of Peabody, Mass., and John C. Twomey, of Boston, Mass., on the brief), for appellant.

Leo Wyman, of Boston, Mass. (Andrew J. Aldridge, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge (after stating the facts as above).

In the District Court it was held that the Salem Trust Company was a purchaser for value of the $2,000 check, notwithstanding it had stated in the passbook delivered by it to the plaintiff on receipt of the check that in receiving it "this bank acts only as depositor's collecting agent"; that "all items are credited subject to *final payment* in cash or Solvent Credits"; and that "it may charge back any item at any time before final payment, whether returned or not"; and notwithstanding the Trust Company also stated on the slip upon which it received the deposit that checks "are credited *only subject to payment.*"

And the court, having held that the Salem Trust Company had become a purchaser for value of the check, further held that the Federal National Bank, upon crediting the check to the Salem Trust Company account and allowing it to draw against that account, became a purchaser for value of the check without notice, notwithstanding the letter with which the check was transmitted to the Federal National Bank specifically stated that the check in question and the other checks transmitted at the same time were for collection, and although the indorsement on the check disclosed that it was deposited with the Trust Company "only to the credit of the Kirstein Leather Co."

■ We are unable to agree with the District Court on either of these propositions. When the Salem Trust Company received the check with the deposit slip and issued the passbook on which the deposit was entered containing the provision that it received the check "only as depositor's collecting agent," and "credited [it] subject to final payment," reserving the right to charge back the check to the account of the plaintiff in case it was not paid and also the right to do this whether it received back the check or not, it cannot be said that the Salem Trust Company, under such circumstances, became a purchaser for value without notice and acquired title to the check. Under such circumstances the credit was not a final one and would not become such until the check was collected. It was never collected; the relation of debtor and creditor would not arise until a final credit was established.

Furthermore, the understanding of the Salem Trust Company with regard to the transaction clearly appears not only from the statements made in the passbook and on the deposit slip, but from the fact that, upon receiving notice of the nonpayment of the check, it charged the same back to the account of the plaintiff, as it reserved the right to do, and has brought suit to recover the balance due it.

■ The conclusion that the Federal National Bank became a purchaser for value of the check in good faith and without notice is, to our minds, equally erroneous. It had notice from the indorsement on the back of the check that the Salem Trust Company received it for deposit only to the credit of the Leather Company, and from the letter of transmittal the Federal National Bank received notice that the check was transmitted to it "for collection"; and the indorsement and transmittal letter, taken together, informed the bank that it was to collect the check, not for the Salem Trust Company's account but for the account of the Kirstein Leather Company. In short the bank was put on notice that the Salem Trust Company was not the owner but was transmitting the check to it for collection for the benefit of the Leather Company and as its agent.

■ The failure of the receiver to return the dishonored check to the Salem Trust Company after payment was refused was not in accordance with the custom of the bank prior to its suspension of business, for, prior to that time, it was the custom of the Federal National Bank to return at once any uncollected checks and charge back the amount thereof to the account of the Salem Trust Company, all of which goes to show that the credit to the Salem Trust Company was conditioned upon receipt of payment of the check and that the credit was not given with intent to become a purchaser of the check or with any understanding that it should be. It is, moreover, doubtful if any credit was given the Salem Trust Company based on the $2,000 check after its receipt. On the evidence it is as probable as otherwise that, on the afternoon of December 14, before the check and those that accompanied it were received and credited, the amount of the Trust Company's overdraft was more than $17,892.39, and that no reliance could have been placed upon these checks in honoring withdrawals after they were credited. The Salem Trust Company's account in the Federal National Bank on the morning of December 14, 1931, stood overdrawn in the sum of $16,737.55 and, during that day and before the transmittal of the above checks in the afternoon, the overdraft may have exceeded the checks then credited, for withdrawals were made

during the day. The receiver, on whom the burden rested to establish the basis of his counterclaim did not show the contrary.

In American Barrel Co. v. Commissioner of Banks et al., 290 Mass. 174, 195 N.E. 335, the Massachusetts Supreme Court reached a like conclusion.

The situation here is not like that in Pearson v. Brennan (C.C.A.) 75 F.(2d) 958. There the check in question was not made payable to the plaintiff Brennan or deposited by him for collection or otherwise in the Lawrence Trust Company. Neither he nor the Lawrence Trust Company ever had the check and knew nothing about it until long after the failure and closing of the Trust Company and the Federal National Bank. And the brokers, who drew the check and deposited it with the Federal National Bank, and the bank were in no wise put on notice that the plaintiff Brennan had any interest in the check or its proceeds. The bank understood from the statement on the face of the check that the check and its proceeds belonged to the Lawrence Trust Company and credited the check to its account.

The decree of the District Court dismissing the bill and ordering judgment on the counterclaim for the defendant is vacated and the case is remanded to the District Court, with instructions to enter a decree adjudging the plaintiff the owner of the check and enjoining the defendant from prosecuting a suit to collect the same.